Mark M. Bettilyon, UT 4798
Peter M. de Jonge UT 7185
Jed H. Hansen, UT 10679
**THORPE, NORTH & WESTERN, LLP**
175 South Main Street, Suite 900
Salt Lake City, Utah 84111
Telephone: (801) 566-6633
Facsimile: (801) 566-0750

*Attorneys for Plaintiff B&D Dental Corporation*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| B&D Dental Corporation, a Utah corporation<br><br>Plaintiff,<br><br>vs.<br><br>International Dental Solution, Inc., a Virginia corporation doing business as IDS CAD<br><br>Defendant. | **COMPLAINT<br>WITH JURY DEMAND**<br><br>Case No.: 2:17-cv-00119-EJF<br><br>Judge: Evelyn J. Furse |

Plaintiff B&D Dental Corporation ("B&D" or "Plaintiff") hereby files this Complaint with Jury Demand against Defendant International Dental Solution, Inc. doing business as IDS CAD ("IDS CAD" or "Defendant").

**<u>COMPLAINT</u>**

Plaintiff complains and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     Plaintiff B&D Dental Corporation is a Utah corporation having a principal place of business in West Valley City, Utah ("B&D").

2.      Upon information and belief, Defendant is a Virginia corporation doing business as IDS CAD Dental Artistry ("IDS CAD") in the United States with a place of business at 21 North Broad Street Suite F, Luray, VA 22835 and a principal office at 14631 Lee Hwy #316, Centreville, Virginia 20121.

3.      Plaintiff brings this action under U.S. patent laws, 35 U.S.C. §§ 1 et seq.

4.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5.      This Court has supplemental jurisdiction over any state law, or statutory and common law claims pursuant to 28 U.S.C. § 1367.

6.      Upon information and belief, this Court has specific personal jurisdiction over Defendant as Defendant has purposefully directed its activities toward the state of Utah and has promoted and/or sold the products at issue in this case into the state of Utah.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 because Defendant conducts business in this district directly related to the patent at issue in this case thereby causing harm to B&D in this judicial district.

## GENERAL ALLEGATIONS

### PLAINTIFF'S PRODUCTS AND INTELLECTUAL PROPERTY

8.      In 1998, B&D began operations as a small dental lab in Utah providing services to customers interested in dental prosthetics. Since that time, B&D has become a leading manufacturer and innovator of dental prosthetic products. It has invested significant amounts of time and resources in the development and protection of its products, including the development of innovative dental block devices for use as prosthetics.

9.      A common method of making dental restorations includes milling a restoration precursor out of a zirconia disc/blank of a pre-sintered but still porous ceramic material. The disc/blank is typically formed by compacting an amount of ceramic powder. The zirconia disc/blank of compacted powder is usually subsequently pre-sintered to provide it with the required mechanical stability for handling and machining. Once the restoration precursor has been obtained from machining the disc/blank the precursor is typically sintered in the further process of making the final dental restoration. During sintering the precursor typically shrinks, generally proportionally, because the initially porous material reduces in porosity and increases in density. For this reason the restoration precursor may be initially larger, for example about 18 to 27%, than the desired final shape after sintering, to account for shrinkage during the sintering step. To form the final dental restoration the sintered restoration precursor may be veneered or otherwise finished.

10.      B&D has developed a dental prosthesis with improved or more natural optical characteristics, such as translucency and/or chroma, and/or with different layers having different optical characteristics.  It has developed a green body dental blank having different layers of different chemical compositions, but substantially consistent optical characteristics prior to sintering which can be milled, colored and sintered to obtain layers of different optical characteristics.

11.      As part of its innovation, B&D was awarded, and is the owner of, United States Patent No. 8,936,848 (the "'848 Patent") for "Non-Pre-Colored Multi-Layer Zirconia Dental Blank That Has a Gradual Change in Translucency Through a Thickness After Sintering."  A copy of that patent is attached hereto as Exhibit A.

3

### DEFENDANT'S MISCONDUCT

12.     Upon information and belief, IDS CAD makes, uses, sells, offers for sale, and/or imports into the United States, a dental block device product that infringes one or more claims of the '848 Patent (the "Infringing Product"), including claim 1 of the '848 Patent.  An image of marketing and promotional material for the Infringing Product is attached hereto as Exhibit B.

13.     Claim 1 of the '848 Patent recites:

A dental block device for producing a dental prosthesis, the dental block device comprising:
    a) a green body comprising zirconia;
    b) the green body having multiple different layers each having a different chemical composition between adjacent layers;
    c) the different chemical composition including different amounts of yttria between the adjacent layers;
    d) the green body being substantially opaque with a substantially consistent optical characteristic of non-translucency with respect to visible light across the layers;
    e) the green body having a brightness/lightness L* value between 10 to 20 for a sample thickness of 1 to 1.3 mm in accordance with CIE L*a*b* colorimetric system; and
    f) the green body being subsequently millable and sinterable to form the dental prosthesis with the multiple different layers having different optical characteristics of translucency.

14.     Upon information and belief, IDS CAD's Infringing Product contains each and every element of claim 1 of the '848 Patent.

15.     Upon information and belief, IDS CAD's Infringing Product is a copy of B&D's dental block device.

16.     Upon information and belief, IDS CAD is in direct competition with B&D in the dental block device market.

17.     Upon information and belief, IDS CAD makes, uses, sells, imports, offers for sale, and/or distributes its Infringing Products in the United States, including in Utah.

18.     Upon information and belief, IDS CAD has sold and/offered the Infringing Product for sale to consumers in the United States, including to consumers within the state of Utah.

19.     Upon information and belief, IDS CAD continued to manufacture, use, sell, import, and offer for sale, and distribution of its Infringing Products has injured, is injuring, and will continue to cause irreparable injury to B&D.

20.     Additionally, upon information and belief, IDS CAD acted in an objectively reckless manner with respect to B&D's patent rights.

21.     Upon information and belief, IDS CAD copied B&D's dental block product. Moreover, upon information and belief, IDS CAD made, used, sold, offered for sale, and imported into the United States its Infringing Products knowing that it was highly likely that its acts would constitute infringement of a valid patent.  Upon information and belief, IDS CAD knew, or should have known, that its actions were highly likely to result in the infringement of a valid patent.  As a consequence, IDS CAD has engaged in willful infringement of the '848 Patent. B&D is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

22.     B&D has been, and continues to be, significantly damaged by IDS CAD's actions.  So long as IDS CAD continues performing the unlawful and improper actions described in this Complaint, B&D will continue to suffer irreparable harm that will not be fully compensable by money damages.

## FIRST CAUSE OF ACTION
### (PATENT INFRINGEMENT OF THE '848 PATENT UNDER 35 U.S.C. § 271)

23.     B&D hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

24.     B&D owns the '848 Patent.

25.     IDS CAD makes, uses, sells, offers for sale, and/or imports into the United States one or more dental block devices that infringe at least claim 1 of the '848 Patent, either literally or under the doctrine of equivalents.

26.     At no time has B&D granted IDS CAD permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Products or to practice the claims of the '848 Patent.

27.     Upon information and belief, IDS CAD's infringing activities have damaged B&D in an amount to be proven at trial.  Among other remedies, B&D is entitled to lost profits and/or a reasonable royalty to adequately compensate B&D for IDS CAD's infringing activities under 35 U.S.C. §284.  Additionally, the harm to B&D arising from IDS CAD's acts is not fully compensable by money damages.  Upon information and belief, B&D has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by IDS CAD is preliminarily and permanently enjoined.

28.     Upon information and belief, IDS CAD acted in an objectively reckless manner with respect to B&D's patent rights.  Upon information and belief, IDS CAD made, used, sold, and offered for sale its Infringing Products knowing that it was highly likely that its acts would constitute infringement of a valid patent and at the very least copied B&D's products.  As a consequence, Defendant has engaged in willful infringement of the '848 Patent.  B&D is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION
### (CONTRIBUTORY INFRINGEMENT OF THE '848 PATENT UNDER 35 U.S.C. § 271)

29.     B&D hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

30.     B&D owns the '848 Patent.

31.     Upon information and belief, IDS CAD makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing claims of the '848 Patent.

32.     At no time has B&D granted IDS CAD permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Products or practice the claims of the '848 Patent.

33.     Upon information and belief, the Infringing Products marketed and sold by IDS CAD have no substantial non-infringing uses.

34.     Moreover, upon information and belief, the Infringing Products are known by IDS CAD to be especially made or especially adapted for use in an infringement of the '848 Patent.

35.     Upon information and belief, IDS CAD's infringing activities have damaged B&D in an amount to be proven at trial.  Among other remedies, B&D is entitled to its lost profits and/or a reasonable royalty to adequately compensate them for IDS CAD's infringing activities under 35 U.S.C. §284.  Additionally, the harm to B&D arising from the acts of IDS CAD is not fully compensable by money damages.  B&D has suffered, and continues to suffer, irreparable harm that has no adequate remedy at law and that will continue unless the infringing conduct by IDS CAD is preliminarily and permanently enjoined.

36.     Upon information and belief, IDS CAD acted in an objectively reckless manner with respect to B&D's patent rights.  Upon information and belief, IDS CAD made, used, sold, and offered for sale its Infringing Products knowing that it was highly likely that its acts would

7

constitute infringement of a valid patent and at the very least copied B&D's products.   As a consequence, IDS CAD has engaged in willful infringement of the '848 Patent.  B&D is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

## THIRD CAUSE OF ACTION
### (INDUCED PATENT INFRINGEMENT OF THE '848 PATENT UNDER 35 U.S.C. § 271)

37.     B&D hereby incorporates by reference each and every preceding allegation of this Complaint as if set forth fully herein.

38.     B&D owns the '848 Patent.

39.     Upon information and belief, IDS CAD makes, uses, sells, offers for sale, and/or imports into the United States a product that is material to practicing claims of the '848 Patent.

40.     At no time has B&D granted IDS CAD permission, license, or authorization to make, use, sell, offer for sale, or import the Infringing Products or practice the claims of the '848 Patent.

41.     Upon information and belief, IDS CAD actively induces its customers to make use of the Infringing Products in a manner that infringes the '848 Patent.

42.     Upon information and belief, IDS CAD possessed specific intent to encourage its customers to make use of the Infringing Products in a manner that IDS CAD knew, or should have known, would infringe the '848 Patent.

43.     Upon information and belief, IDS CAD's infringing activities have damaged B&D in an amount to be proven at trial.  Among other remedies, B&D is entitled to its lost profits and/or a reasonable royalty to adequately compensate them for IDS CAD's infringing activities under 35 U.S.C. §284.  Additionally, the harm to B&D arising from the acts of IDS CAD is not fully compensable by money damages.  B&D has suffered, and continues to suffer, irreparable

8

harm that has no adequate remedy at law and that will continue unless the infringing conduct by IDS CAD is preliminarily and permanently enjoined.

44.     Upon information and belief, IDS CAD acted in an objectively reckless manner with respect to B&D's patent rights.  Upon information and belief, IDS CAD made, used, sold, and offered for sale its Infringing Products knowing that it was highly likely that its acts would constitute infringement of a valid patent and at the very least copied B&D's products.  As a consequence, IDS CAD has engaged in willful infringement of the '848 Patent.  B&D is therefore entitled to treble damages and attorneys' fees as well as costs incurred in this action along with prejudgment interest under 35 U.S.C. §§ 284 and 285.

**WHEREFORE**, it is respectfully requested that the Court enter judgment in favor of Plaintiffs as follows:

A.     That the Court enter judgment that IDS CAD has infringed the '848 Patent either literally or under the doctrine of equivalents.

B.     That the Court enter judgment that IDS CAD is liable to B&D for contributory infringement of the '848 Patent.

C.     That the Court enter judgment that IDS CAD is liable to B&D for inducement to infringe the '848 Patent.

D.     That IDS CAD be ordered to pay damages to B&D, together with interest, in an amount to be determined by this Court.

E.     That the Court award B&D treble damages pursuant to 35 U.S.C. §284.

F.     That the Court award B&D costs and attorneys' fees related to this action pursuant to 35 U.S.C. §285.

G.     That the Court award B&D prejudgment interest.

H.      That B&D have such other and further relief as shall seem just and proper to the Court.

I.      That the Court grant preliminary and permanent injunctive relief enjoining IDS CAD, its officers, directors, principals, agents, servants, employees, successors and assigns, and all other aiding, abetting, or acting in concert or active participation therewith, from directly or indirectly infringing the '848 Patent, including without limitation, precluding IDS CAD from making, using, selling, offering for sale, or importing the Infringing Products.

## JURY DEMAND

B&D hereby demands that all claims and causes of action raised in this Complaint be tried to a jury to the fullest extent possible under the United States and Utah Constitutions.

DATED this 17th day of February, 2017.

THORPE NORTH & WESTERN, LLP

*/s/ Jed H. Hansen*
Mark M. Bettilyon
Peter M. de Jonge
Jed H. Hansen

*Attorneys for Plaintiff, B&D Dental Corporation.*

10